IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREAT LAKES REINSURANCE (UK) PLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-3532 |
| H.T. & ASSOCIATES, INC., | § § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant H.T. & Associates, Inc.'s Motion to Dismiss (Document No. 5). After carefully considering the motion, response, and the applicable law, the Court declines to exercise its jurisdiction under the Declaratory Judgment Act.

I.  Background

This is a Hurricane Ike insurance dispute. Defendant H.T. & Associates, Inc. ("H.T.") filed claims under its commercial property insurance policy (the "Policy") with Plaintiff Great Lakes Reinsurance (UK) PLC ("Great Lakes") for hurricane damage to its three buildings on Long Point Road in Houston, Texas. Great Lakes assigned the Littleton Group ("Littleton") and Charles Bertschi ("Bertschi") to adjust the claim. After an investigation, Great Lakes paid $494,000.00 for damage to the properties. The parties

dispute whether certain damages are excluded by the Policy.  H.T. asserts that its actual covered loss is approximately $3.5 million.

Great Lakes filed this case against H.T. on October 30, 2009, seeking a declaration that the Policy supports Great Lakes's damage determination.  Three weeks later, H.T. filed its own suit against Great Lakes, Littleton, and Bertschi in the 189th District Court of Harris County, Texas.  *See* H.T. & Associates, Inc. v. Great Lakes Reinsurance (UK) PLC, No. 200975534 (Nov. 20, 2009).  Now pending is H.T.'s Motion to Dismiss (Document No. 5), in which H.T. asserts that the Court should exercise its discretion and dismiss this case in deference to the parallel state suit.

## II.  Discussion

### A.  Legal Framework

"The Declaratory Judgment Act, 28 U.S.C. § 2201(a), 'is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.'" Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 389 (5th Cir. 2003) (quoting Wilton v. Seven Falls Co., 115 S. Ct. 2137, 2143 (1995)).  When declaratory relief is the sole claim asserted, the abstention standard is governed by Brillhart v. Excess Insurance Co. of America, 62 S. Ct. 1173 (1942).  Under Brillhart, district courts have discretion to dismiss a declaratory judgment action when a parallel suit not governed by federal law and the same issues are pending in state

2

court.  <u>Kelly Inv., Inc. v. Cont'l Common Corp.</u>, 315 F.3d 494, 497
(5th Cir. 2002).

Federal district courts in the Fifth Circuit answer three
questions when deciding whether to abstain in a declaratory
judgment action: "(1) whether the declaratory action is
justiciable; (2) whether the court has the authority to grant
declaratory relief; and (3) whether to exercise its discretion to
decide or dismiss the action."  <u>Sherwin-Williams Co.</u>, 343 F.3d at
387.  First, this action is justiciable because there is a real and
immediate controversy about whether the Policy excludes some of
H.T.'s claims.  <u>MedImmune, Inc. v. Genentech, Inc.</u>, 127 S. Ct. 764,
771 (2007) (stating that to be to be justiciable, a declaratory
judgment action must present a "substantial controversy, between
parties having adverse legal interests, of sufficient immediacy and
reality . . . .").  Second, the Court has the authority to decide
the merits of Great Lakes's declaratory judgment action because it
was filed before the parallel state case.  <i>See</i> <u>Travelers Ins. Co.
v. La. Farm Bureau Fed'n, Inc.</u>, 996 F.2d 774, 776 (5th Cir. 1993)
(stating that authority to decide the merits of a declaratory
judgment action does <i>not</i> exist when "(1) a declaratory defendant
has previously filed a cause of action in state court against the
declaratory plaintiff, (2) the state case involves the same issues
as those involved in the federal case, and (3) the district court
is prohibited from enjoining the state proceedings under the

3

Anti-Injunction Act."); *accord* Sherwin-Williams Co., 343 F.3d at 388.   Thus, the dispositive consideration is whether this Court should exercise its discretion to abstain.

The Fifth Circuit has prescribed seven so-called "Trejo factors" that should be considered in determining whether abstention is proper:

> (1)   whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2)   whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3)   whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4)   whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5)   whether the federal court is a convenient forum for the parties and witnesses;
>
> (6)   whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7)   whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Sherwin-Williams Co., 343 F.3d at 388 (quoting St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994)).

B.   Applying the *Trejo* Factors

The   *Trejo*   factors   reflect   three   concerns:   federalism,
fairness, and efficiency.  Id. at 390-91.

1.   Federalism Concerns

Federalism   concerns   underlie   the   first   and   last   factors.[1]
"The first *Trejo* factor, whether there is a pending state action in
which all the matters in the controversy may be litigated, requires
the court to examine comity and efficiency."  Id.  Thus, "if the
federal declaratory judgment action raises only issues of state law
and a state case involving the same state law issues is pending,
generally the state court should decide the case and the federal
court should exercise its discretion to dismiss the federal suit."
Id. at 390-91.  H.T. filed its own suit in state court against
Great Lakes, Littleton, and Bertschi three weeks after this case
was filed.  The suits mirror one another.  In the state suit, H.T.
asserts the typical Texas claims against insurers (breach of
contract, violations of the Texas Insurance Code, breaches of the
duty of good faith and fair dealing, and fraud) and their agents
(violations of the Texas Insurance Code).[2]  In this suit, Great

---

[1] The seventh factor is not applicable because this Court is
not asked to construe a judicial decree entered by the state court
in the parallel suit.

[2] Document No. 5, ex. A (H.T.'s Original Petition).

5

Lakes seeks a declaration that it did not breach the insurance contract.[3]  Thus, both cases consist entirely of state law claims, which weighs in favor of abstention.

2. <u>Fairness Concerns</u>

Fairness concerns underlie the second, third, and fourth factors.  <u>Sherwin-Williams Co.</u>, 343 F.3d at 391.  Great Lakes argues that if it had a "trigger-happy desire to file suit" it would have filed in March 2009, when advised that H.T. had consulted an attorney about a potential "bad faith" case against Great Lakes.[4]  The test, however, is not whether Great Lakes sued at the earliest possible moment, but whether Great Lakes filed suit when it anticipated litigation.  When determining whether a plaintiff anticipated litigation, "[l]engthy negotiations and the tenor of the party's relationship will serve as evidence that a suit was expected to be filed."  <u>Penn. Gen. Ins. Co. v. CaremarkPCS</u>, 3:05-CV-0844, 2005 WL 2041969, at *6 (N.D. Tex. Aug. 24, 2005) (citing <u>Granite State Ins. Co. v. Tandy Corp.</u>, 986 F.2d 94, 96 (5th Cir. 1992)).

According to Great Lakes, the parties had amicable "good faith" discussions to resolve the case until H.T. designated Hal

---

[3] Document No. 1 (Great Lakes's Complaint for Declaratory Relief).

[4] Document No. 17 at 6.

6

Arnold to represent it.  Great Lakes asserts that "Hal Arnold completely dismantled the parties' months' long efforts."[5]  H.T. has proffered a letter from Hal Arnold to Bertschi dated October 7, 2009, which indicates that litigation was forthcoming.  In the letter, Mr. Arnold states, "We clearly have a difference of opinion with the measure of the loss and damages," and then outlines the parties' respective damage estimates.  Mr. Arnold states that several of Bertschi's opinions are incorrect and also states:

> It is the insured's deepest desire to conclude the claim without any further delay.
>
> The insurance company has caused harm to the insured in the handling of the claim.[6]

Mr. Arnold then provides the amount H.T. is willing to accept to settle the claim, and then concludes:

> Please advise if the insurance company would like to conclude the claim or if the insured should seek legal council [sic].[7]

---

[5] Document No. 16 at 6.

[6] Document No. 5, ex. B (Arnold letter to Bertschi).

[7] <u>Id.</u>

7

Thus, H.T.'s evidence appears consistent with Great Lakes's version of the events: it became clear that litigation was imminent when Hal Arnold "dismantled the parties' months' long efforts."[8] In his letter, Arnold essentially concludes by giving Great Lakes two options: "conclude the claim" or lawyers would get involved. Great Lakes never wrote a response to Hal Arnold's letter; instead, it filed this suit on November 3, 2009, twenty-three days after the date of Arnold's letter.   The second Trejo factor weighs in favor of abstaining.

The sequence of events suggests a possibility that Great Lakes may have engaged in improper "forum shopping," although attributing an improper motive to Plaintiff in this case is not clear cut. "[M]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'"   Sherwin-Williams Co., 343 F.3d at 391.   After all, "[t]he filing of every lawsuit requires forum selection." Id.   The question is whether the facts in this case fall within "a narrower category" that indicates the declaratory judgment plaintiff is trying to gain an unfair advantage. Id.   There is no reason to believe that either party

_____

[8] Document No. 17 at 4 ("As it was apparent that Arnold was making allegations about coverage that simply were not accurate and that the parties had reached an impasse on coverage issues and on resolution of the claim due to coverage issues, Great Lakes made the decision to file this action.").

would have an "unfair advantage" either in state or federal court given Defendant's contention that the fundamental issue is a question of law on construction of the policy.  State and federal judges are routinely called upon to construe contracts and to apply local law.  The fairness concerns are therefore largely neutral but, to the extent that these factors weigh in at all, the tilt is in favor of abstention.

### 3.  Efficiency Concerns

Efficiency concerns underlie the fifth and sixth _Trejo_ factors.  The fifth factor--convenience of parties and witnesses--is neutral because both cases are pending in Harris County, Texas.  _See_ Great Am. Assurance Co. v. Waterhill Cos. Ltd., No. H-09-3196, 2010 WL 518760, at *4 (S.D. Tex. Feb. 4, 2010) (Atlas, J.) ("There is no indication that this Court provides a less convenient forum for resolution of the parties' dispute than the state court.  Both the federal and state courthouses are in Harris County, the location of Waterhill's insured property that forms the subject matter of this suit.").  The sixth factor is judicial economy.  The schedule in the state case is expedited: the discovery and dispositive motion deadlines are five months ahead of this Court's deadlines.  Again, the efficiency concerns slightly weigh in favor of abstention.

4.   <u>Conclusion</u>

"[T]he fundamental question in deciding how the court should exercise its discretion is 'whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court.'"   <u>Ohio Nat'l Life Assurance Corp. v. Riley-Hagan</u>, 2008 WL 5158089, at *3 (quoting <u>Brillhart</u>, 62 S. Ct. at 1176).   On balance, the <u>Trejo</u> factors weigh in favor of abstention, and thus it can be said that this case "can better be settled" in the parallel state case.

## III.   <u>Order</u>

Based on the foregoing, it is

ORDERED that Defendant H.T. & Associates, Inc.'s Motion to Dismiss (Document No. 5) is GRANTED.   This Court exercises its discretion to decline jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §2201(a), and dismisses the case without prejudice.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 28th day of June, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

10